CC447485

FORWARDED BY THE CITY CLERK TO THE

APR - 2 2021

LAW DEPARTMENT

RECEIVED CITY CLERKS OFFICE 2021 APR -2 A 11: [illegible] BOSTON MA

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 2184-CV-00050F

_Tricia Thomas_, PLAINTIFF(S),

v.

_City of Boston_, DEFENDANT(S)
_et al._

### SUMMONS

THIS SUMMONS IS DIRECTED TO _The City of Boston_ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Suffolk Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
    a. Filing your signed original response with the Clerk's Office for Civil Business, _Suffolk Superior_ Court, _3 Pemberton Sq, Boston, MA_ (address), by mail or in person, AND
    b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Herbert Cohen, Esq, 500 Commercial St, Ste 4R, Boston MA 02109_

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If [illegible] you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

LAW DEPT '21 APR 2 PM 3:12

A true copy Attest:
3-30-21 Deputy Sheriff Suffolk County

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____
_____
_____

Dated: _____, 20____    Signature: _____

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

COMMONWEALTH OF MASSACHUSETTS

THE TRIAL COURT

SUFFOLK, ss.                              SUPERIOR COURT DEPARTMENT
                                          C.A. No.  2184CV00050

| | |
|---|---|
| TRICIA THOMAS<br>    Plaintiff,<br><br>v.<br><br>CITY OF BOSTON,<br>BOSTON POLICE DEPT.,<br>OFFICER MARTIN J. HEDDERMAN, Individually<br>and as employee of BOSTON POLICE DEPT.,<br>OFFICER BRENDAN E. CAVANAUGH, Individually<br>and as employee of BOSTON POLICE DEPT.,<br>LIEUTENANT SEAN P. SMITH, Individually<br>and as employee of BOSTON POLICE DEPT.,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUBSTITUTE COMPLAINT AND JURY DEMAND

## PARTIES

1. Plaintiff, Tricia Thomas, is an individual domiciled in Boston, Suffolk County, Massachusetts, 02124.

2. Defendant Boston Police Department ("BPD") is a Boston police force operating in the City of Boston, Massachusetts.

3. Defendant Martin J. Hedderman ("Hedderman") is or at all material times was a police officer employed by Defendant BPD.

4. Defendant Brendan E. Cavanaugh ("Cavanaugh") is or at all material times was a police officer employed by Defendant BPD.

5. Defendant Lieutenant Sean P. Smith ("Sergeant Smith") is or at all material times was formerly a Sergeant Detective, employed by Defendant BPD ("Sergeant Smith").

6. Defendant City of Boston is a municipal corporation headquartered at City Hall, Boston, Suffolk County, Massachusetts 02124.

## JURISDICTION

7. This Court has subject matter jurisdiction over this action pursuant to M.G.L. c. 223A, §2 because there is a reasonable likelihood that recovery by Plaintiff will exceed fifty thousand dollars ($50,000), and pursuant to M.G.L. c. 212, §4.

8. This Court has personal jurisdiction pursuant to M.G.L. c. 223A, §3 because the action arises from the Defendants' actions and omissions, causing tortious injury in this commonwealth.

9. Venue, pursuant to M.G.L. 223 § 1, is proper in Suffolk County, Massachusetts because Plaintiff resides in Suffolk County and the action arises from injuries sustained by the Defendants' acts and omissions which occurred in Suffolk County.

## STATEMENT OF FACTS

10. On or around July 23, 2004, Claude H. Thomas and Edith P. Thomas, parents of Plaintiff, conveyed 15 Centervale Park, Boston, MA 02124, to Plaintiff "for consideration of four hundred thousand and 00/100 dollars ($400,000 [USD])."

11. On or about May 13, 2018–Mother's Day–Plaintiff still owned the above-mentioned two-family dwelling located at 15 Centervale Park, Boston, MA 02124.

12. Plaintiff lived in the second-floor apartment with her two minor sons and her parents lived in the first-floor apartment.

13. Plaintiff called the BPD in the early afternoon on said date to report a disturbance at her home. Plaintiff's brother, who is alleged to have a history of mental illness and addiction, does not live with his parents on the first floor but was inside the building and trying to gain entrance to Plaintiff's upstairs unit.

14. BPD Officers Hedderman and Cavanaugh, from BPD District C-11 (collectively, the "BPD officers"), responded to the phone call, arrived at the dwelling, and addressed the situation. In doing so, one of the officers made racially insinuating comments to the Plaintiff, including: "You don't own no house," and "How you own this house?"

15. Later that same day, Plaintiff was outside said dwelling when Plaintiff's sister and brother-in-law were bringing Plaintiff's mother back to the property. Unfortunately, there are longstanding family issues between Plaintiff and the other members of Plaintiff's family. Upon arrival, Plaintiff's sister and brother-in-law started to threaten Plaintiff with grave physical harm. Under these circumstances it was not wise for Plaintiff to allow her sister and brother-in-law into the dwelling, and an argument ensued. At no point in time did Plaintiff attempt to prevent her mother from entering the dwelling.

16. Plaintiff's sister then called the BPD and stated there was a "black woman on the porch with a gun." This was a falsehood designed to bring the police quickly to the property.

17. The same BPD officers from earlier in the day arrived in plain clothing. Upon arrival, one of the BPD officers in the presence of officers Hedderman and Cavanaugh approached and pushed Plaintiff through the front door into her parents' unit as she asked for the officers' names.

18. The incident was captured on a video taken by Plaintiff. The video clearly demonstrates the BPD Officers acted improperly. The video is extremely disturbing and demonstrates the improper actions by said officers.

19. Plaintiff pleaded with the BPD Officers to stop and attempted to explain to the BPD Officers that they were using excessive force and hurting her. The BPD Officers did not stop, nor did they ask for Plaintiff's side of the controversy.

20. After being violently pushed through the front door, Plaintiff was carried outside by the BPD Officers, to the front yard, placed face down, and handcuffed in front of her two minor sons, all of which occurred on Mother's Day on that Mother's Day.

21. After handcuffing Plaintiff and having her lie face down in front of her sons, one of the BPD Officers called Defendant Sergeant Smith on the phone and asked what he would like done with Plaintiff.

22. Sergeant Smith directed that Plaintiff be arrested and charged with elder abuse. Such instructions constitute an abuse of power on behalf of the BPD and its said police officers, as there was no probable cause to charge Plaintiff with any crime, let alone the crime of elder abuse.

23. This is especially egregious due to the fact that Plaintiff is a Registered Nurse and healthcare professional. This kind of charge seriously impacted Plaintiff's career causing her to either lose and/or be denied gainful employment resulting in a substantial loss of income to her.

24. Plaintiff was never read her Miranda rights when she was taken into police custody and brought to the C-11 precinct, where said improper treatment continued.

25. While processing Plaintiff, said BPD Officers again referred to Defendant Sergeant Smith as they did not know how to charge Plaintiff. Plaintiff was taken to and from her cell while the officers deliberated on exactly what to charge her with. They had little idea as to what, if anything, was relevant for any such charge.

26. Also, during the processing, the said BPD Officers Hedderman and Cavanaugh began yanking on Plaintiff's hair repeatedly in order to rip out her beads, causing her pain and resulting in a substantial amount of hair loss on one side of her head. The BPD Officers also broke Plaintiff's gold bracelet when trying to remove her jewelry, which caused bruising on her wrist and ankles.

27. Once inside the jail cell, Plaintiff was not allowed a phone call to an attorney, an attorney was denied access to her, and her bail was set for three-thousand dollars ($3,000.00). Her hands were shackled as she was transferred from C-11 to South Boston. Again, her hands and feet were both shackled the following morning as she was transported by a patty wagon to the Dorchester District Court, where Plaintiff was set to be arraigned that morning. However, after authorities became aware of the video recording displaying the excessive force used by the BPD Officers, the arraignment was postponed an additional two weeks.

28. Plaintiff was released from custody and ordered to stay away from her own home, where her two sons resided, for the next two weeks while awaiting the arraignment. At the date of the arraignment, the video was played and the District Attorney and Judge concluded that Plaintiff could not be arraigned on any of the filed charges.

29. Since this unfortunate experience, the quality of Plaintiff's life has declined, as the said BPD Officers' actions caused her severe harm. Plaintiff entered therapy shortly after the

incident and has been receiving treatment for Post-Traumatic Stress Syndrome. She has installed surveillance cameras outside her home, as she no longer feels safe and secure in her own residence.

30. Said prosecution has affected not only the Plaintiff but her two minor sons as they witnessed the disturbing ordeal and now live in fear of the police. As a result, Plaintiff suffered undue shame and embarrassment.

31. In addition, Plaintiff's personal and professional reputations have been impaired.

**COUNT I – DISCRIMINATION & VIOLATION OF 42 U.S.C. § 1983**

32. Plaintiff incorporates by reference and realleges paragraphs 1-31.

33. The wrongful actions were undertaken with gross and reckless disregard for Plaintiff's Constitutional rights which include, but are not limited to, the following actions:

- The Defendant BPD Officers Hedderman and Cavanaugh, under the guidance of Defendant Sergeant Smith, individually and as employees of BPD, failed to exercise ordinary and appropriate care in carrying out their official police duties as officers of peace, law and order;

- The BPD Officers, Hedderman and Cavanaugh, individually and as an employees of BPD, failed to conduct a proper investigation before blindly following Sergeant Smith's instructions to arrest and charge Plaintiff for elder abuse;

- Hedderman and Cavanaugh's actions, under the supervision of Sergeant Smith, of detaining Plaintiff were unwarranted and taken without probable cause; and

- The BPD Officers, Hedderman and Cavanaugh individually and as employees of BPD, made demeaning and disparaging comments towards Plaintiff, indicating racial prejudice.

34. By having engaged in the conduct described herein, the BPD Officers, Hedderman and Cavanaugh under the direction of Sergeant Smith, while acting individually and under the color of the law as officers of the peace, further denied Plaintiff her Constitutional right to be free from unlawful restraint of their person, as guaranteed by the Fourth Amendment.

35. As a result of the BPD Officers, Hedderman and Cavanaugh, under the direction of Sergeant Smith's actions, Plaintiff suffered loss of freedom, loss of enjoyment of life, severe emotional and physical distress, and was otherwise damaged.

WHEREFORE, Plaintiff requests that this Honorable Court award compensatory damages, punitive damages, reasonable attorneys' fees and costs incurred from being forced to initiate litigation merely to enforce fundamental Constitutional rights, and any other relief that this Court deems appropriate and necessary.

## COUNT II – ASSAULT AND BATTERY

36. Plaintiff incorporates by reference and re-alleges paragraphs 1-35 herein.

37. BPD Officers, Hedderman and Cavanaugh, individually and as employees of BPD, failed to use reasonable measures in apprehending Plaintiff by using excessive force to do so.

38. BPD Officers, Hedderman and Cavanaugh, individually and as employees of BPD, engaged in unwarranted physical contact with Plaintiff and placed her in fear of harmful or offensive bodily contact by their actions, doing so with the intention of putting Plaintiff in fear of said bodily harm.

39. As a direct and proximate result of the unwarranted physical conduct and assaults committed by BPD Officers, Hedderman and Cavanaugh, individually and as employees of BPD, Plaintiff suffered damages, including, but not limited to, physical injuries

(especially to that of her ankle, for which she has sought treatment from a specialist) therapy, emotional distress, other expenses, legal expenses and costs.

WHEREFORE, Plaintiff asks this Honorable Court to award compensatory damages, punitive damages, legal costs and fees, and any other relief that this Court deems appropriate and necessary.

## COUNT III– INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiff incorporates by reference and re-alleges paragraphs 1-39 herein.

41. The BPD Officers, Hedderman and Cavanaugh, individually and as employees of BPD, used unnecessary force on Plaintiff, who is a black woman, on her own property, while insinuating she could not be the owner of said property.

42. BPD Officers, Hedderman and Cavanaugh, individually and as employees of BPD, knew or should have known that by forcing Plaintiff to the ground in front of her minor children, on Mother's Day, without probable cause or reasonable suspicion, would cause Plaintiff extreme humiliation and emotional suffering.

43. Additionally, the BPD Officers, Hedderman and Cavanaugh, under the direction of Sergeant Smith, falsely arrested and imprisoned Plaintiff on baseless claims.

44. The BPD Officers, Hedderman and Cavanaugh under the direction of Sergeant Smith knew or should have known that by arresting and imprisoning Plaintiff on baseless claims, that said misconduct would cause Plaintiff extreme suffering.

45. The BPD Officers', Hedderman and Cavanaugh, actions individually and as employees of BPD, exceed all bounds of decency and actions which are intolerable.

46. As a direct and proximate result of the tortuous misconduct of the BPD Officers, Hedderman, Cavanaugh, Sergeant Smith individually and as employees of BPD, Plaintiff

suffered, and continues to suffer, severe emotional distress, causing Plaintiff to enter therapy to cope with said severe distress.

WHEREFORE, Plaintiff asks this Honorable Court to award compensatory damages, punitive damages, legal costs and fees, and such other relief against said Defendants as this Court deems appropriate.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

47. Plaintiff incorporates by reference and re-alleges paragraphs 1-46 herein.

48. As a direct and proximate result of the improper, aggressive and tortuous misconduct of the Defendant BPD officers, Hedderman, Cavanaugh and Sergeant Smith, individually and as employees of PBD, Plaintiff suffered, and continues to suffer, severe emotional distress accompanied and manifested by physical symptomologies.

WHEREFORE, Plaintiff asks this Honorable Court to award compensatory damages, punitive damages, legal costs and fees, and any other relief that this Court deems appropriate and necessary against said Defendants.

## COUNT V – FALSE ARREST

49. Plaintiff incorporates by reference and re-alleges paragraphs 1-48 herein.

50. As a direct and proximate result of the malicious, wanton and willful acts of the BPD Officers, Hedderman, Cavanaugh and Sergeant Smith, acting individually, Plaintiff was intentionally and unlawfully subject to an arrest, without probable cause, and deprived of rights guaranteed to her by the Constitution of the United States, including her Fourth Amendment right against unreasonable seizure.

WHEREFORE, Plaintiff asks this Honorable Court to award compensatory damages, punitive damages, legal costs and fees, and any other relief that this Court deems appropriate against said Defendants.

### COUNT VI – FALSE IMPRISONMENT

51. Plaintiff incorporates by reference and re-alleges paragraphs 1-50 herein.

52. The BPD Officers, Hedderman, Cavanaugh and Sergeant Smith, individually and as employees of BPD, committed the tort of false imprisonment by physically restraining Plaintiff's movement without probable cause.

53. As a result of said actions, Plaintiff was confined against her will and said arrest is noted on her personal record and CORI report causing her to suffer loss of employment and or employment opportunities for which she was qualified for.

WHEREFORE, Plaintiff asks this Honorable Court to award compensatory damages, punitive damages, legal costs and fees, and any other relief that this Court deems appropriate and necessary against said Defendants.

### COUNT VIII – NEGLIGENT TRAINING AND/OR SUPERVISION
M.G.L. c. 258 § 2

54. Plaintiff incorporates by reference and re-alleges paragraphs 1-53 herein.

55. Pursuant to M.G.L. c. 258 § 2, Defendants are liable for all "injury or loss of property," which was "caused by the negligent or wrongful act[s] or omission[s] of [the defendant officers]," to the extent that said actors were "acting within the scope of [their] office or employment, in the same manner and to the same extent as a private individual under like circumstances."

56. The BPD Officers' Hedderman and Cavanaugh, under the direction and supervision of Sergeant Smith, individually and as employees of BPD charged Plaintiff with elder abuse

without any basis whatsoever. Said charges are attributable to the failure of Sergeant Smith to properly supervise and/or train Officers Hedderman and Cavanaugh (the individually named defendants herein), which in turn caused and/or contributed to the BPD Officers' subsequent misconduct in falsely arresting Plaintiff.

WHEREFORE, Plaintiff asks this Honorable Court to award compensatory damages, punitive damages, legal costs and fees, and any other relief that this Court deems appropriate and necessary.

## COUNT IX – NEGLIGENT TRAINING AND/OR SUPERVISION
### M.G.L. c. 258 § 2

57. Plaintiff incorporates by reference and re-alleges paragraphs 1-56 herein.

58. Pursuant to M.G.L. c. 258 § 2, Defendants are liable for all "injury or loss of property," which was "caused by the negligent or wrongful act[s] or omission[s] of any public employee," to the extent that said actors were "acting within the scope of [their] office or employment, in the same manner and to the same extent as a private individual under like circumstances."

59. Each of the individual defendants, Hedderman, Cavanaugh, and Sergeant Smith, by their conduct set forth herein, acted negligently and/or recklessly in the course of their employment by the City of Boston as BPD Officers.

60. As a proximate result of the individual defendants' negligence, Plaintiff suffered significant and permanent physical injuries, severe emotional distress, fear and anxiety, and other damages.

61. The City is liable for Plaintiff's injuries caused by the negligent or wrongful acts or omissions of the individual defendants whose conduct alleged herein occurred within the course and scope of their employment.

WHEREFORE, Plaintiff asks this Honorable Court to award compensatory damages, punitive damages, legal costs and fees, and any other relief that this Court deems appropriate and necessary.

## JURY TRIAL

A jury trial is demanded to all issues so triable.

Respectfully submitted on this 25 day of March, 2010,

Plaintiff Tricia Thomas,
By her attorneys,
COHEN LAW GROUP

Herbert S. Cohen, Esq.
BBO# 089180
500 Commercial St.
Boston, MA 02109
(617) 523-4552
hscohenlaw@gmail.com

# CIVIL ACTION COVER SHEET

**DOCKET NUMBER:** 21-0050F

**Trial Court of Massachusetts
The Superior Court**

**PLAINTIFF(S):** TRICIA THOMAS
**ADDRESS:** 15 CENTERVALE PARK, BOSTON, MA 02124

**COUNTY:** SUFFOLK

**DEFENDANT(S):** CITY OF BOSTON, BOSTON POLICE DEPARTMENT, OFFICER MARTIN J. HEDDERMAN, OFFICER BRENDAN E. CAVANAUGH, & LIEUTENANT SEAN P. SMITH.

**ATTORNEY:** HERBERT S. COHEN
**ADDRESS:** 500 COMMERCIAL STREET, SUITE 4R, BOSTON, MA 02109

**ADDRESS:** CITY OF BOSTON, 1 CITY HALL SQUARE, RM 601, BOSTON, MA 02201
BOSTON POLICE DEPARTMENT + OFFICERS/LIEUTENANT SCHROEDER PLAZA, BOSTON, MA 02120

**BBO:** 089180

**CODE NO.:** E03
**TYPE OF ACTION (specify):** Claims against Commonwealth or Municipality
**TRACK:** A
**HAS A JURY CLAIM BEEN MADE?** [X] YES [ ] NO

*If "Other" please describe:

**Is there a claim under G.L. c. 93A?** [ ] YES [X] NO

**Is this a class action under Mass. R. Civ. P. 23?** [ ] YES [X] NO

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............... $
2. Total doctor expenses ............... $
3. Total chiropractic expenses ............... $
4. Total physical therapy expenses ............... $
5. Total other expenses (describe below) ............... $
Subtotal (A): $

B. Documented lost wages and compensation to date ............... $
C. Documented property damages to date ............... $
D. Reasonably anticipated future medical and hospital expenses ............... $
E. Reasonably anticipated lost wages ............... $
F. Other documented items of damages (describe below) ............... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
On approximately May 13, 2018, Plaintiff was the victim of Assault + Battery, Intentional Infliction of Emotional Distress, False Arrest, False Imprisonment, Malicious Abuse of Process, and Discrimination at the hands of said Defendants.

**TOTAL (A-F): $55,000**

### CONTRACT CLAIMS
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

**TOTAL: $**

**Signature of Attorney/ Unrepresented Plaintiff:** X /s/ Herbert Cohen **Date:** 1/6/20

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18
I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record:** X /s/ Herbert Cohen **Date:** 1/6/20

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2184CV00050 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Thomas, Tricia vs. Boston Police Department et al | | Michael Joseph Donovan, Clerk of Court |
| TO: Herbert Stuart Cohen, Esq. Cohen Law Group 500 Commercial St Unit 4R Boston, MA 02109 | | COURT NAME & ADDRESS Suffolk County Superior Court - Civil Suffolk County Courthouse, 12th Floor Three Pemberton Square Boston, MA 02108 |

### TRACKING ORDER - X - Accelerated

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                                                **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 04/12/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 01/11/2022 | |
| All motions under MRCP 12, 19, and 20 | | | |
| All motions under MRCP 15 | | | |
| All discovery requests and depositions served and non-expert depositions completed | | | |
| All motions under MRCP 56 | | | |
| Final pre-trial conference held and/or firm trial date set | | | |
| Case shall be resolved and judgment shall issue by | | | |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 01/11/2021 | Anh T Bungcayao | (617)788-8131 |