UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:21-cv-10596-IT

TRICIA THOMAS,

    Plaintiff,

v.

CITY OF BOSTON, BOSTON POLICE DEPT., OFFICER MARTIN J. HEDDERMAN, Individually and as employee of BOSTON POLICE DEPT., OFFICER BRENDAN E. CAVANAUGH, Individually and as employee of BOSTON POLICE DEPT., LIEUTENANT SEAN P. SMITH, Individually and as employee of BOSTON POLICE DEPT.,

    Defendants

**DEFENDANT CITY OF BOSTON'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SUBSTITUTE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

I.     INTRODUCTION

Defendant City of Boston[1] (the "City"), respectfully moves pursuant to Fed. R. Civ. P. 12(b)(6) to have this Honorable Court dismiss all of the claims against the City contained in the Plaintiff's Substitute Complaint. In Counts 1 through 9, the plaintiff has sued Officers Martin J. Hedderman ("Hedderman"), Officer Brendan E. Cavanaugh ("Cavanaugh") and Lieutenant Sean

---

[1] The Complaint names the Boston Police Department and the City of Boston as defendants, but "the Boston Police Department is a municipal department of the City rather than an independent legal entity that is subject to suit." Franklin v. City of Boston, No. 16-10484-FDS, 2016 WL 4534016, at *1 n.1 (D. Mass. Aug. 30, 2016) (Saylor, J.).

1

P. Smith ("Smith").[2] Plaintiff alleges 42 U.S.C. §1983 as well as common law tort claims in her Substitute Complaint. The §1983 claim against the City should be dismissed under Monell, and the various other tort claims alleged against the City are either barred or insufficiently plead for reasons discussed within. Additionally, plaintiff failed to present the claims contained within Counts 8 and 9 in her presentment letter to the City, and as such, she is unable to bring them.

## II.   FACTS AND BACKGROUND

This action is based on the plaintiff's arrest on May 13, 2018. At the time of her arrest, plaintiff lived in the second-floor apartment at 15 Centervale Park, Boston, MA 02124 and her parents lived in the first-floor apartment. (See ECF No. 1 Attachment No. 1 ¶¶ 11-12.) On May 13, 2018 plaintiff called BPD on her brother in the early afternoon. (Id. at ¶ 13.) Later that day plaintiff's sister and brother-in-law arrived at the property with the plaintiff's mother. (Id. at ¶ 15.) Plaintiff refused to let her sister or brother-in-law into the property. (Id.) Plaintiff claims her sister called BPD and falsely reported that there was a "black woman on the porch with a gun." (Id. at ¶ 16.) Plaintiff claims BPD arrived and "pushed her into her parents' unit," carried her outside, and arrested her. (Id. at ¶ 17-22.) Plaintiff claims that Sergeant Smith directed the BPD Officers to charge the plaintiff with elder abuse. (Id. at ¶ 22.)

Count 1 of Plaintiff's Substitute Complaint is a 42 U.S.C § 1983 claim against the officers and the City. (Id. at ¶¶ 32-35.) Count 2, 3, 5, and 6 are claims for the intentional torts of assault and battery, intentional infliction of emotional distress, false arrest, and false imprisonment. (Id. at ¶¶ 36 – 46, 49 – 53.) Count 4 is a claim for negligent infliction of

---

[2] Plaintiff has sued each officer individually and in their official capacity, the official capacity claims are treated as claims against the City. See Diaz-Garcia v. Surillo-Ruiz, Civil No. 13-1473 (FAB), 2014 WL 4403363, at *5 (D.P.R. Sept. 8, 2014) "A suit against a municipal official in his or her official capacity is considered a suit against the municipality itself." (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985); Surprenant v. Rivas, 424 F.3d 5, 19 (1st Cir. 2005)).

emotional distress.  (Id. at ¶¶ 47-48.)  Count 7 is missing from the Plaintiff's substitute complaint.  Counts 8 and 9 are both claims for negligent training and/or supervision.  (Id. at ¶¶ 54-61.)

### III.     STANDARD OF REVIEW

A complaint or count therein must be dismissed where it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the Court is obliged to accept the Plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor.  Cooperman v. Individual, Inc., 171 F.3d 43, 46 91st Cir. 1999).  However, this tenet does not apply to legal conclusions.  Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009).  Mere recitals of the element of a cause of action, supported only by conclusory statements, do not suffice.  Id. (Citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 545 (citations omitted).  A plaintiff must set forth in his complaint "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory."  Gooley v. Mobile Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988).  A Complaint will not "suffice if it tenders naked assertion[s] devoid of further factual enhancement."  Twombly, 550 U.S. at 557 (quotations omitted).

### IV.     ARGUMENT

**A. Count 1 Against the City Must be Dismissed Because Plaintiff Fails to Allege a Monell Claim**

3

Plaintiff's first count against the City, for violations of 42 U.S.C. §1983, fails under Monell v. Department of Social Services of City of New York, 436 U.S. 658, 692 (1978). Under §1983, the City is "not responsible for the unauthorized and unlawful acts of its officers." Id. Courts analyzing §1983 "have consistently refused to hold municipalities liable under a theory of respondeat superior." Board of County Commissioners v. Brown, 520 U.S. 397, 403 (1997). The Supreme Court, "concerned that municipal liability based on fault by the City might collapse into de facto respondeat superior, has set a very high bar for assessing municipal liability under Monell." Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 26 (1st Cir. 2005). Therefore, to plead municipal liability under §1983, the plaintiff must allege (1) an unconstitutional "policy or custom" of the City, *and* (2) that this policy or custom was "the moving force" behind the alleged injury. See Brown, 520 U.S. at 403-05. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick v. Thompson, 563 U.S. 51, (2011).

Here the plaintiff does not allege any policy or custom of the City that caused the injuries alleged in the Substitute Complaint. (See ECF No. 1 Attachment No. 1 *generally*.) There is no allegation of a policy or custom employed by the Boston Police Department or the City of Boston was the "moving force" behind the Plaintiffs injuries. Without these sorts of allegations plaintiff's Count 1 claim against the City must be dismissed.

**B. Counts 2, 3, 5, and 6 Against the City Must Be Dismissed because the Allege Intentional Torts From Which the City is Immune from Liability**

Counts 2, 3, 5, and 6 of the Plaintiff's Substitute Complaint are based on the intentional torts of: assault and battery, intentional infliction of emotional distress, false arrest and false

4

imprisonment.  M.G. L. c. 258, § 10(c) provides that any municipality is immune from "any claim arising out of an intentional tort, including **assault, battery**, **false imprisonment**, [and] **false arrest**, …." (Emphasis added) (alteration to original); see Niles v. Town of Wakefield, 172 F. Supp. 3d 429, 446 (D. Mass. 2016) ("Under Massachusetts law, in contrast, the Town cannot be held liable based on claims for assault and battery or false imprisonment.")  While § 10(c) lists a number of intentional torts, its use of the word "including" indicates that the enumerated list is representative, not all-inclusive, and that any intentional tort is covered by § 10(c)." Barrows v. Wareham Fire Dist., 82 Mass. App. Ct. 623, 626 (2012).  Among the intentional torts listed in the plain language of M.G.L. c. 258, §10(c) are assault, battery and false imprisonment.  These three are explicitly listed, among others, as torts which a municipality cannot be held liable for if committed by one of their employees.

The Massachusetts USDC recently dealt with a case in which a town was sued for negligence over the alleged wrongful arrest and assault and battery by their officers.  In Niles v. Town of Wakefield the court granted summary judgment for the town on its summary judgment motion, finding that "[u]nder Massachusetts law, in contrast, the Town cannot be held liable based on claims for assault and battery or false imprisonment." 172 F.Supp.3d at 446.  In this case, much like the present case, the plaintiff alleged negligence against the town "in an effort to circumvent the language of the statute."  (Id.) The plaintiff's claims against the City based on these intentional torts do not pass the 12(b)(6) standard because they do not plausibly suggest an entitlement for relief.

C. **The Plaintiff Has Not Alleged Sufficient Facts to Establish a Claim for Negligent Infliction of Emotional Distress Against the City in Count 4 of Her Complaint**

Public employers are immune from claims of Negligent Infliction of Emotional Distress in cases where the actions taken by their employees are a discretionary function. The analysis for determining whether an act is a discretionary function under the Massachusetts Tort Claims Act requires two steps: (1) whether the governmental actor had any discretion at all as to what course of conduct to follow, and, if so, (2) whether the discretion that the actor had is the kind of discretion which §10(b) provides immunity from liability. See Crete v. City of Lowell, 418 F.3d 54, 61 (2005). "In regard to the second step of [the 10(b) analysis]…courts must determine whether the conduct that caused the injury has a 'high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning,' as opposed to conduct that consists of 'the carrying out of previously established policies or plans.'" Spencer v. City of Boston, 2015 WL 6870044, at *5 (D. Mass. 2015) (citing Ku v. Town of Framingham, 816 N.E.2d 170, 175 (Mass. 2004); Whitney v. City of Worcester, 366 N.E.2d 1210 (Mass. 1977)). The officer's actions in this case fall squarely within the criteria for §10(b) exception.

Here, the first prong is easily satisfied as the police officers in this case had the ability to exercise discretion in how they investigated the situation they responded to. The second prong is also satisfied because the courts have established that this sort of investigatory decision is the kind of discretionary decision that provides immunity from liability. In Sena v. Commonwealth the Supreme Judicial Court of Massachusetts held that "the conduct of law enforcement officials in *investigating potentially criminal conduct* and in seeking warrants for the arrest of those whom they investigate, are discretionary functions and therefore fall within the exception in §

10(*b*)." 417 Mass. 250, 257 (1994) (emphasis added).[3] Here the plaintiff is attempting to hold the City liable for negligence based on the way in which its employees investigated potential criminal conduct and for their discretionary decision to ultimately arrest the Plaintiff.

Furthermore, plaintiff has failed to plead the elements necessary to sustain a claim for negligent infliction of emotional distress. "To prevail on their NIED claim, Plaintiffs must prove: '(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case.'" Opalenik v. LaBrie, 945 F. Supp. 2d 168, 196 (D. Mass. 2013) (quoting Sullivan v. Boston Gas Co., 414 Mass. 129, 132 (1993)). Plaintiff claims she "continues to suffer, severe emotional distress accompanied and manifested by physical symptomologies." (See ECF No. 1 Attachment No. 1 ¶ 48.) These allegations are too broad and conclusory to pass muster. As established by Ashcroft v. Iqbal mere recitals of the elements of a cause of action, supported only by conclusory statements should not survive a 12(b)(6) motion. Here the plaintiff merely reiterates the elements of NEID without actually describing her physical symptomology. Without alleging specific physical symptomology, the plaintiff's NIED claim must be dismissed.

### D. Plaintiff Failed to Present her Claims Contained in Counts 8 and 9 Against the City in Accordance with M.G.L. c. 258, § 4

The Massachusetts Tort Claims Act requires a plaintiff to satisfy certain notice requirements as a condition precedent to filing a tort action against a public employer. M. G. L.

---

[3] See also Rivera v. City of Worcester, No. 12-cv-40066, 2015 WL 6858000, at 6-7 (D. Mass. Oct. 26, 2012) granting city-defendant's motion for summary judgment based on § 10(b) after plaintiff claimed city was negligent in arresting him because he was 5'8" tall and suspect was 4'11".

c. 258, § 4 "requires a claimant to 'present' his claim in writing to the executive officer of the public employer that is the potential defendant." Cuddy v. City of Boston, 1995 WL 1146821, No. 8958800, *2 (Mass. Super. Sep. 15, 1995). Presentment must be made in "strict compliance with the statute." Weaver v. Commonwealth, 387 Mass. 43, 47 (1982). "Although G. L. c. 258, § 4 does not specify what information must be included for a sufficient presentment, the letter must contain enough information so that it fairly can be read as disclosing claims subject to suit within the Tort Claims Act." Cuddy, 1995 WL 1146821 at *3 (citing Tambolleo v. Town of West Boylston, 34 Mass. App. Ct. 526, 532-33 (1993) (claims for negligent infliction of emotional distress and negligent supervision barred where plaintiffs' presentment letter merely advised town that they sustained bodily injury resulting from an assault by a police officer, assault being an intentional tort barred by the Tort Claims Act)). "A presentment letter will not be deemed sufficient if the town has not been afforded an opportunity to investigate the claim." Wightman v. Town of Methuen, 26 Mass. App. Ct. 279, 281-83 (1988) (claim of negligent failure to secure immediate medical attention brought by elementary school student injured in brawl on school grounds barred because presentment letter only notified town that he had sustained injuries because of the negligent supervision of school officials who failed to prevent the altercation). "The purpose of the presentment requirement is to 'ensure that the responsible public official receives notice of the claim so that the official can investigate to determine whether or not a claim is valid, preclude payment of inflated or non-meritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims are not brought in the future." Lodge v. Dist. Atty. for the Suffolk Dist., 21 Mass. App. Ct. 277, 283 (1985).

  Here, plaintiff's presentment letter does not make any reference to negligence or that plaintiff seeks to hold the City responsible on a theory that it failed to train, supervise, or

8

discipline its officers. See Plaintiff's Presentment Letter, attached hereto as **Exhibit 1.**[4] Plaintiff's letter cannot fairly be read as disclosing claims against the City for negligent supervision, failure to train, or failure to discipline. As such, the City was not afforded the opportunity to investigate these claims in any meaningful way, in direct violation of M. G. L. c. 258, § 4. The City was only on notice that plaintiff sought damages for the intentional conduct of its employees—conduct for which the City is immune pursuant to M.G. L. c. 258, § 10(c). Accordingly, to the extent Plaintiff's Substitute Complaint can be construed as alleging a negligence claim against the City, it must be dismissed.

The plaintiff also fails to allege that the City should have known that the officers may cause the type of harm he claims to have suffered. "[I]n cases in which a plaintiff alleges that an employer is liable under a theory of negligent supervision for the intentional tort of an employee, Massachusetts courts have required that the employer have known, or at least should have known, that the employee might harm someone in the same general manner in which the employee is alleged to have harmed the plaintiff." Saldivar v. Racine, 818 F.3d 14, 21 (2016). Again, these negligent supervision allegations by the Plaintiff are an attempt to circumvent the immunity granted to municipalities for isolated incidents of this nature.

### V. CONCLUSION

---

[4] While a Court generally may not consider documents outside the scope of the Complaint on a Rule 12(b)(6) motion, a narrow exception exists for documents central to a plaintiff's claim or for documents sufficiently referred to in the Complaint. See Watterson v. Page, 987 F.2d 1, 3 (1st. Cir. 1993). Here, plaintiff explicitly refers to his Presentment Letter in his Second Amended Complaint. See ECF No. 19. at ¶ 42. Accordingly, the Court may properly refer to the attached document without converting this motion to one for summary judgment.

For the foregoing reasons, the defendant, City of Boston respectfully requests that this Honorable Court dismiss all claims against it in Plaintiff's Substitute Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

Defendant,
City of Boston
By its attorneys,

Henry Luthin
Corporation Counsel

/s/ John Fahey
John A. Fahey, BBO#703399
Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
617-635-4017
John.Fahey@boston.gov

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on May 24, 2021.

05/24/2021                                    /s/ John Fahey

Date                                          John A. Fahey

10