# COHEN LAW GROUP

500 COMMERCIAL STREET, SUITE 4R
BOSTON, MA 02109

TELEPHONE: 617.523.4552                                         FACSIMILE: 617.723.9211

HERBERT COHEN                                                    DAZE SWIFT LEE *(OF COUNSEL)*
JOHN ALDEN FERRISS, IV

January 9, 2020

**VIA CERTIFIED**
**RETURN RECEIPT MAIL**
Mayor Martin J. Walsh
1 City Hall Square
Suite 500
Boston, MA 02201

William Gross
Police Commissioner
One Schroeder Plaza
Boston, MA 02120



Re:    Notice Pursuant to Massachusetts Tort Claims Act

Dear Sirs:

The within notice is hereby presented pursuant to the provisions of Massachusetts General Laws Chapter 258 Section 4.

This office represents Ms. Tricia Thomas with respect to her various claims against the City of Boston Police Department, for misconduct. Kindly directly all further communications and notices regarding the issues herein to Herbert S. Cohen, Esq., Cohen Law Group, 500 Commercial Street, Suite 4R, Boston, MA 02109.

The following allegations concern the following members of the Boston Police Department: Martin J. Hedderman, Brenden E. Cavanaugh, and Seargent Smith. This letter constitutes Tricia Thomas' written demand upon the City of Boston Police Department for damages and equitable relief for but not limited to:

(1) Assault and Battery
(2) Intentional Infliction of Emotional Distress
(3) False Arrest
(4) False Imprisonment
(5) Malicious Abuse of Process, and
(6) Discrimination

\\HCOHEN7137\Documents\Rose\My Documents\OFFICE\Docs\HSC (P-T)\THOMAS, TRICIA\Letter to Mayor.docx

Tricia Thomas owns a two-family dwelling at 15 Centerville Park, Boston, MA 02124. She resides in the second floor apartment with her two minor sons and her parents reside in the first floor apartment. On May 13, 2018, (Mother's Day), Tricia called the Boston Police in the early afternoon to report a disturbance. Her brother whom I am advised has a history of mental illness and addiction and whom does not reside with his parents was inside the building and was trying to gain entrance to Tricia's upstairs unit. Boston Police officers, Martin J. Hedderman, and Brenden E. Cavanaugh from C-11 responded to the phone call, arrived at the dwelling, and addressed the situation. One of the officers made racially insinuating comments to Ms. Thomas: "you don't own no house", and "How you own this house".

Later that day, Ms. Thomas was outside the said building, as her sister and brother-in-law were bringing Tricia's mother back to the property. Unfortunately, there are longstanding family issues between members of Ms. Thomas' family. Upon arrival, Tricia's sister and brother-in-law started to threaten Tricia with grave physical harm. Under these circumstances it was not prudent for Ms. Thomas to allow her sister, and brother-in-law into the dwelling and an argument ensued. At no point in time did Tricia attempt to prevent her mother from entering the dwelling.

Ms. Thomas' sister then called the Boston Police and stated there was a "black woman on the porch with a gun." This was falsehood designed to bring the police quickly to the property. The same defendant police officers from earlier in the day arrived in plain clothes. I am advised upon arrival, one of the police officers approached and pushed Ms. Thomas through the front door into her parent's unit as she asked for the officers' name. Ms. Thomas pleaded with the defendant officers to stop and explained that the officers were using excessive force and hurting her. The officers never asked for Tricia's side of the controversy.

After being violently pushed through the front door, Tricia was carried outside to the front yard and was placed face down and handcuffed in front of her two minor sons' that Mother's Day. **The incident was captured on a video taken by Tricia Thomas. The video clearly demonstrates the officers acted improperly. There was no probable cause to place Tricia under arrest. The video is disturbing and demonstrates improper actions by said police officers.**

After handcuffing Tricia Thomas and having her lie face down in front of her children, one of the officers called Seargent Smith and asked what he would like done with Tricia. The Sergeant advised that she be arrested and charged with elder abuse which instructions constitute an abuse of power on the officers' part as there was no probable cause to charge our client with any crime, let alone the crime of elder abuse. What made this even more egregious was the fact that Ms. Thomas is a Registered Nurse and healthcare professional, as this kind of charge threatens to seriously impact her career. Ms. Thomas was never read her Miranda rights, when taken into police custody and brought to the C-11 precinct, where said improper treatment continued. The officers ripped beads out of her hair, yanking on her hair repeatedly causing her to lose a substantial amount of hair on one side of her head, broke her gold bracelet further causing bruising on her wrist and ankles. When it was time to process Ms. Thomas, the officers again referred to Sergeant Smith. Ms. Thomas was taken out of the cell, then was brought back to her cell while the officers deliberated on exactly what to charge her with. They had little idea as to what, if anything, was relevant for any such charge.

Once inside the jail cell, Tricia was not allowed a phone call to an Attorney, an Attorney was denied access to her, and her bail was set for $3,000. Her hands were shackled as she was transferred from C-11 to South Boston. In the morning her hands and feet were shackled as she was transported by a patty wagon to Dorchester Court. She was set to be arraigned that morning but after authorities became aware of the video the arraignment was postponed an additional two weeks. Tricia was released from custody and ordered to stay away from her own home where her two sons resided for the next two weeks awaiting arraignment. At the date of arraignment, the video was played, and the District Attorney and Judge concluded that Tricia could not be arraigned on any of the filed charges.

Since this unfortunate experience, the quality of our client's life has declined. The officers' actions have caused my client severe harm. She entered therapy shortly after the incident and has been receiving treatment for a year for Post-Traumatic Stress Syndrome. She has installed surveillance cameras outside her home, as she no longer feels safe and secure in her own residence. Her reputation both personally and professionally has declined. She suffers from embarrassment and personal shame. Said prosecution has affected not only our client but her two minor children as they witnessed the disturbing ordeal and live in fear of the police. Ms. Thomas's fine reputation has been impaired. Sergeant Smith and his officers knew or should have known that Ms. Thomas is a professional and that such an arrest would impair her professional career.

Thus, for all the reasons outlined above, my client will seek damages. Kindly respond to this demand at your early convenience.

Very Truly Yours,

**COHEN LAW GROUP**

Herbert S. Cohen, Esquire