UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRICIA THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF BOSTON, BOSTON POLICE DEPT., OFFICER MARTIN J. HEDDERMAN, Individually and as employee of BOSTON POLICE DEPT., OFFICER BRENDAN E. CAVANAUGH, Individually and as employee of BOSTON POLICE DEPT., LIEUTENANT SEAN P. SMITH, Individually and as employee of BOSTON POLICE DEPT.,<br><br>    Defendants. | C.A. No. 1:21-cv-10596-IT |

### PLAINTIFF'S MOTION TO QUASH AND/OR PROTECTIVE ORDER WITH REGARDS TO DEFENDANT'S SUBPOENA TO PRODUCE DOCUMENTS

NOW COMES THE PLAINTIFF, Tricia Thomas (hereinafter "Thomas") and hereby moves this honorable court to quash Defendant's Subpoena to Produce Documents pursuant to Fed. R. Civ. P 45(d)(3) and/or a protective order pursuant to Fed. R. Civ. P. 26(c), on the grounds that the discovery sought is irrelevant, will not lead to admissible evidence, and is a transparent attempt to harass, burden, and embarrass Thomas about past lawsuits she was a party to. In support of this motion, Thomas states the following:

### SUMMARY OF FACTS

The Plaintiff, Tricia Thomas, is a single mother who owns a dwelling at 15 Centerville Park, Boston, MA. Pl.'s Sub. Compl. ¶ 11. On Mother's Day of 2018 (May 13), she called the police

to report a disturbance caused by her brother who was trying to gain unwanted access to her unit. Id. at ¶¶ 11, 13. Officers Hedderman and Cavanaugh arrived and began to make racially prejudicial comments to Ms. Thomas, such as: "You don't own no house," and "How you own this house?" Id. at ¶ 14.

Later in the day, Ms. Thomas's sister and brother-in-law attempted to gain unwanted access to Ms. Thomas's unit, threatening her with grave physical harm if she failed to allow therein access. Id. at ¶ 15. Despite Ms. Thomas's rejection of their entry due to feelings of imminent danger that they imposed, Ms. Thomas's sister phoned the police and lied, stating that there was a "black woman on the porch with a gun." Pl.'s Sub. Compl. ¶ 16. Officers Hedderman and Cavanaugh returned to the dwelling and immediately pushed her through the front door. Id. at ¶ 17. After this they carried her outside, placed her face down, and handcuffed her in front of her two minor sons on Mother's Day. Id. at ¶ 20.

On August 27, 2021, Defendants served a subpoena to Dmitry Lev, Esq., to produce all relevant documents in a lawsuit, in which Thomas was a Plaintiff. This said case is captioned *Thomas v. UMass Memorial Medical Center, Inc.*, Docket No. 1784CV01958 in the Suffolk Superior Court. Mr. Levy disclosed to Plaintiff that the Defendant communicated to Mr. Levy they are solely seeking interrogatory responses, despite the Subpoena requesting all documents to be produced. Plaintiff's lawyers communicated with Defendants that they will review the interrogatory responses to determine whether the within motion should be filed. In the same conversation, Plaintiff then requested defendant if they were willing to modify the subpoena to only interrogatory responses because Defendants' informed Mr. Lev that interrogatory responses is all they want produced. Defendants stated they will not modify and they are not solely seeking Thomas's interrogatory responses. Therefore, the Defendants are intentionally misrepresenting

the documents they are requesting to Mr. Levy, perhaps in a failed effort to avoid the filing of the within motion.

## ARGUMENT

Fed. R. Civ. P. 45(d)(3) allows a party to move the district court to quash or modify a subpoena. Furthermore, Fed. R. Civ. P. 26(c) gives a party the right to move for a protective order against requested discovery by a party. According to Fed. R. Civ. P. 26(c), the party moving for a protective order must make a good faith effort to confer with the other party and attach a certificate of making said good faith effort. Said certificate is attached to this motion.

The Defendant's Subpoena should be quashed because the defendants' subpoena is neither relevant to any claims or defenses in the within matter, nor is it reasonably calculated to lead to the discovery of other admissible evidence. The lawsuit the Defendants' seek to discover is an employment discrimination case that was settled and dismissed over three years ago. The case has no connection nor relationship to Boston Police subjecting Thomas to unjust and excessive force on Thomas's own property. Therefore, the Defendants' subpoena must be quashed because said subpoena does not pass the minimal threshold of relevancy for proper discovery and thereby will not lead to admissible evidence.

Instead, the Defendant's subpoena is an effort to harass Thomas about past traumatic situations that she would rather leave in the past. It is clear that the Defendants are attempting to harass and embarrass Thomas about a past lawsuit in which discrimination was alleged. Thomas, a black woman, who faces discrimination every day, should not be forced to relive the discrimination in the discovery sought by the Defendants. Perhaps the Defendant's should focus on the case they are a party to rather than suits that are dismissed and irrelevant. The Defendants' subpoena is thus not only outside the scope of relevant discovery allowed by the Federal rules,

but also an oppressive, harassing, and burdensome assault on Thomas who should not be forced to answer questions about a case that has already been litigated.

## CONCLUSION

For the forgoing reasons, Plaintiff Tricia Thomas, requests this Honorable court to quash and/or grant a protective order to Defendants' Subpoena on Dmitry Levy.

Respectfully Submitted by,
Plaintiff Tricia Thomas, and
By her Attorneys,
COHEN LAW GROUP

Herbert S. Cohen, Esq.
BBO# 089180
500 Commercial Street, Ste. 4R
Boston, MA 02109
(617) 523-4552
hscohenlaw@gmail.com

**LOCAL RULE 7.1 AND FED. R. CIV. P. 26(c) CERTIFICATION**

I hereby certify that Plaintiff's lawyers communicated with Attorney Nieve Anjomi on September 2, 2021, by email pursuant to local rule 7.1 and Fed. R. Civ. P. 26(c) in an effort to narrow the issue raised here.

Date: 9/8/21

_____
Herbert S. Cohen, Esq.

**CERTIFICATE OF SERVICE**

I, Herbert S. Cohen, Esq., certify that on September 8th, 2021, I served pursuant to Fed. R. Civ. P. Rule 5, Plaintiff's Motion to Quash and/or Protective Order, by first class mail and email, to counsel for Defendant at the addresses below.

Nieve Anjomi
City Hall, Room 615
Boston, MA 02201

_____
Herbert S. Cohen