UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TRICIA THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 1:21-cv-10596-IT |
| ) | |
| CITY OF BOSTON, BOSTON POLICE ) | |
| DEPT., OFFICER MARTIN J. ) | |
| HEDDERMAN, Individually and as ) | |
| employee of BOSTON POLICE DEPT., ) | |
| OFFICER BRENDAN E. CAVANAUGH, ) | |
| Individually and as employee of BOSTON ) | |
| POLICE DEPT., LIEUTENANT SEAN P. ) | |
| SMITH, Individually and as employee of ) | |
| BOSTON POLICE DEPT., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION, AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT, TO COMPEL COMPLIANCE WITH SUBPOENA TO PRODUCE DOCUMENTS OF NON-PARTY MASSACHUSETTS EXECUTIVE OFFICE OF HEALTH AND HUMAN SERVICES, DEPARTMENT OF PUBLIC HEALTH, DIVISION OF PROFESSIONS LICENSURE, OFFICE OF PUBLIC PROTECTION**

I.  INTRODUCTION

Now come the Defendants Martin Hedderman, Brandon Cavanaugh, and Sean Smith ("Defendants") hereby move, pursuant to Fed. R. Civ. P. 37(a), to compel Non-Party, the Massachusetts Executive Office of Health and Human Services, Department of Public Health, Division of Professions Licensure, Office of Public Protection, ("Office of Public Protection") to comply with Defendants'

subpoena to produce documents. On November 24, 2021, Defendants served the Office of Public Protection with their Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena"). The Office of Public Protection was commanded to produce documents by December 15, 2021. On January 24, 2022, the Office of Public Protection produced records which were heavily redacted. Defendants are requesting this Honorable Court to compel the Office of Public Protection to comply with Defendants' subpoena and provide the documents requested.

It is Plaintiff's position that as a result of her arrest, her RN license has been jeopardized and she produced records related to the same in discovery.

## II.     BACKGROUND AND RELEVANT FACTS

This case arises from a civil rights lawsuit brought by plaintiff Tricia Thomas ("Plaintiff") against the Defendants regarding Plaintiff's arrest on May 13, 2018. On January 11, 2021 Plaintiff filed her complaint against the City and two of its police officers. (See ECF 1.) In addition to several other claims, Plaintiff alleges her "personal professional reputations have been impaired" by the arrest. (See ECF 1, ¶ 31). On August 20, 2021, Defendants served Plaintiff with Defendant's First Set of Interrogatories and Defendant's First Set of Request for Production of Documents. On November 3, 2021, Plaintiff responded. In response to Defendant's request for documents regarding her personal and professional reputations, Plaintiff produced a May 21, 2020 Letter from the Office of Public Protection regarding an open investigation into Plaintiff's nursing practice. On November 24, 2021, the

Defendants served the Office of Public Protection with the Subpoena seeking "all documents related to investigation no. SA-INV-16381 concerning [Plaintiff], including but not limited to the complaint, any inquiry, any response by [Plaintiff], and all correspondence to or from [Plaintiff]." (See Exhibit A.) The Office of Public Protection were noticed to produce the documents on December 15, 2021 at 10:30am. On January 24, 2022, the Office of Public Protection produced redacted records. (See Exhibit B.) During the 37.1 Conference, counsel for the Office of Public Protection explained that it is the Department's position that a court order is required to produce the records.

During discovery, Plaintiff produced records related to her RN license; namely a May 21, 2020 letter from the Office of Public Protection and her attorney's May 29, 2020 response. (See Exhibit C.) While the two letters were produced by the Office of Public Protection, albeit redacted, the Office of Public Protection contained additional records, including a December 2019 Complaint and a May 30, 2020 signed statement by the Plaintiff.

### III. LEGAL ARGUMENT

A subpoena commanding the production of documents "requires the responding party to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). However, "a Rule 45 subpoena must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)." Smith v. Turbocombustor Tech., Inc., 338 F.R.D. 174, 176 (D.Mass. 2021) (citation omitted).

>Fed. R. Civ. P. 26(b)(1) provides:
>
>Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"Under Federal Rule 26(b)(1), a party may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Relevant information does not need to be admissible at trial so long as it appears reasonably calculated to lead to the discovery of admissible evidence." Walker v. Wall, No. CA10-178S, 2010 WL 4137331, at *1 (D.R.I. Oct. 20, 2010), on reconsideration, No. C.A. 10-178 S, 2010 WL 4903825 (D.R.I. Nov. 24, 2010) (citations omitted). "While it is difficult to formulate an exact rule regarding relevancy, the term should be construed liberally and with common sense. Discovery is allowed into any matter that may possibly lead to information relevant to the subject matter of the action." In re Amezaga, 195 B.R. 221, 225–26 (Bankr. D.P.R. 1996); see In re Subpoena to Witzel, 531 F.3d 113, 118 (1st Cir. 2008). Therefore, the information sought by the Subpoena must be relevant and proportional to the needs of the case.

Documents from the Office of Public Protection pertaining to Plaintiff's nursing license are relevant because Plaintiff claims her arrest adversely impacted her nursing license. The letter produced by Plaintiff in discovery references an open investigation into her nursing practice. Defendants are entitled to seek further

4

information regarding the context of this investigation as Plaintiff is using it as evidence to support her claim.

Defendants have already engaged in discovery with Plaintiff but have received limited information. Defendants' Subpoena to the Office of Public Protection is limited to the investigation of Plaintiff and any other relevant documents kept in the normal course of business. Neither the Office of Public Protection nor the Plaintiff served an objection to the records. The records are clearly relevant. For instance , Plaintiff's May 30, 2020 letter appears to discuss the various criminal matters. Plaintiff's own writings concerning her underlying family dispute is clearly relevant to the case.

Moreover, there appears no rhyme or reason to the Office of Public Protection's redactions. With respect to Plaintiff's Counsel's May 29, 2020 letter, the Office of Public Protection redacted the entire second and sixth paragraphs. (Compare Exhibits B and C.) The sixth paragraph discusses Plaintiff's family life but so does the fifth paragraph, which was not redacted. No privilege log was produced and because whole paragraphs were redacted, it is impossible to discern the reason for some of the redactions. Because these records relate to a Plaintiff's allegations against the Defendants and, because a review of the redacted records clearly reflect that they concern Plaintiff's family dispute and the calls to the police, the Office of Public Protection should be ordered to produce an unredacted set of the records.

## IV. CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Office of Public Protection be ordered to comply with the Subpoena as requested herein by producing an unredacted set of the records.

Dated: February 9, 2022               Respectfully submitted,

                                                Defendants,
Sean P. Smith, Martin Hedderman, and Brendan Cavanaugh

By their attorneys,

Adam Cederbaum
Corporation Counsel

*/s/ Nieve Anjomi*
Nieve Anjomi, BBO#651212
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
617-635-4098
Nieve.Anjomi@boston.gov

## LOCAL RULE 37.1 CERTIFICATION

I hereby certify that on January 31, 2022, I spoke with Attorney Heather Engman, Chief Board Counsel for the Massachusetts Department of Public Health, by telephone pursuant to Local Rule 37.1 in an effort to narrow the issue raised here. The Parties were unable to narrow the issues raised herein.

February 9, 2022                    */s/ Nieve Anjomi*

Date                                Nieve Anjomi

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and electronic copies will be sent to those indicated as non-registered participants on February 9, 2022 by email.

Heather Engman, Esq.
heather.engman@state.ma.us

| | |
|---|---|
| February 9, 2022 | */s/ Nieve Anjomi* |
| Date | Nieve Anjomi |